Order, Supreme Court, New York County (Charles E. Ramos, J.), entered on or about January 30, 2013, which granted defendants’ motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff claims he was wrongfully terminated and seeks either reinstatement as Associate General Secretary of Dialogue and Interfaith Relations of defendant General Commission on Christian Unity and Interreligious Concerns (GCCUIC) or damages covering the balance of his alleged four-year term. He bases the claim on a paragraph in the recently amended Book of Discipline that provides that an Associate General Secretary of GCCUIC will be elected every four years. However, the GCCUIC’s personnel manual states, “All employees of the GCCUIC are employed at will and not by contract,” and there is no question that plaintiff was aware of this provision. An employee at will may be freely terminated at any time (Horn v New York Times, 100 NY2d 85 [2003]; Sabetay v Sterling Drug, 69 NY2d 329 [1987]). The paragraph in the Book of Discipline providing for elections every four years does not constitute a contract for a four-year term.
Moreover, the ministerial exception also bars plaintiffs claim, which primarily involves intra-church matters. “Under the ‘ministerial exception’ . . . , a church’s decision to hire, to fire, and to prescribe the duties of its minister are commonly held to be constitutionally protected” (Second, Episcopal Dist. African Methodist Episcopal Church v Prioleau, 49 A3d 812, 817 [DC 2012]). Unlike the minister in Prioleau, plaintiff is not seeking damages for wages or benefits accrued prior to his termination.
Plaintiff was a “minister” for purposes of the ministerial exception while he was the Associate General Secretary of Dialogue and Interfaith Relations {see e.g. Hosanna-Tabor *510 Evangelical Lutheran Church and School v EEOC, 565 US —, 132 S Ct 694 [2012]; Bell v Presbyterian Church [U.S.A.], 126 F3d 328 [4th Cir 1997]). It is undisputed that he is an ordained minister of the United Methodist Church (see Hosanna-Tabor, 565 US at —, 132 S Ct at 708 [Supreme Court considered it significant that plaintiff had been “ordained or commissioned as a minister”]). Furthermore, the position of Associate General Secretary of Dialogue and Interfaith Relations required a Masters’ level education in theology, and the position description said the focus of the position was to promote theological dialogue (see id. [Supreme Court noted that “significant religious training and a recognized religious mission underlie the description of the employee’s position”]). Moreover, plaintiffs pension form recognized that GCCUIC was an “extension ministry” (126 F3d at 330 [pointing out that, “(i)n its engagement letter, (defendant) Interfaith Impact recognized that Bell’s service (as its executive director) would be an extension of his ministry”]), and he “claimed a special housing allowance on h[is] taxes that was available only to employees earning their compensation ‘in the exercise of the ministry’ ” (Hosanna-Tabor, 565 US at —, 132 S Ct at 708; see also Bell, 126 F3d at 330, 332).
In view of the foregoing, we need not address the merits of whether plaintiff has stated claims for promissory estoppel and tortious interference.
Concur—Sweeny, J.E, Renwick, Saxe, Freedman and Richter, JJ.